IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALESIA CANNON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:19-CV-877 |
| ) | |
| AUTOMONEY, INC., et al, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On May 12, 2020, the United States Magistrate Judge filed a Recommendation in accordance with 28 U.S.C. § 636(b), which was served on the parties. The defendants timely objected to the Recommendation. Doc. 43. After *de novo* consideration, the Court finds that the objections do not undermine the Magistrate Judge's analysis, with which the Court agrees. The Recommendation is adopted in full.

As noted by the Magistrate Judge, the plaintiffs' complaint asserts usury damages and treble damages in the alternative. There is no claim for punitive damages in the complaint and including any amount for a punitive damages claim is entirely speculative.

The Magistrate Judge appropriately rejected the defendants' other speculative arguments about attorneys' fees. The defendants' numbers are based on a misperception that the plaintiffs' claims are basically one hundred and forty-eight separate lawsuits with little to no overlap in fact or applicable law, whereas the amended complaint shows, as the Magistrate Judge pointed out, there is substantial commonality. And as the plaintiffs' briefing persuasively indicates, the individual work needed is likely to be straightforward.

The defendants contend that the Magistrate Judge did not engage in a "common sense and experience" approach in evaluating the attorneys' fees aspect of the jurisdictional minimum. But a review of the Recommendation shows otherwise. For example, it would not be consistent with common sense or experience to think that a trial court might award attorneys' fees for the same work more than one time, which is implicit in the defendants' contentions about attorneys' fees. Some sort of allocation between any successful plaintiffs will be needed, whether it is a class action or not. And the Court agrees with the Magistrate Judge's experience-based conclusion that court approval of a $444,000 fee in this case is highly unlikely.

No party objected to the recommendation that the other pending motions should be terminated without prejudice to refiling in state court following remand. The Court agrees with the Magistrate Judge that this is an appropriate disposition.

It is **ORDERED** that:

1. The plaintiffs' motion to remand, Docs. 7, is **GRANTED**.

2. The defendants' motion to dismiss or transfer, Doc. 5, is terminated without prejudice as moot.

3. The plaintiffs' motions to conduct jurisdictional discovery, Doc. 21, and to supplement, Doc. 27, are terminated without prejudice as moot.

This the 11th day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE

2

Case 1:19-cv-00877-CCE-JEP   Document 46   Filed 06/11/20   Page 2 of 2